## SUPREME COURT.

### DAVIS agt. ILLIUS.

*Facts* upon which a question of *usury* was decided.

*New-York Special Term, June,* 1854.—Motion on the part of the defendant to dissolve a temporary injunction.

The plaintiff obtained a temporary injunction to prevent the defendant from selling certain stock, on the ground that it was given to the defendant as part of an usurious transaction. The plaintiff swears that he borrowed of the defendant $5,000 in December, 1853, for four months, at seven per cent. interest, and that it was agreed at the time that he should also give to the defendant one hundred shares of stock of the par value of $100, but then selling in New-York at $5 per share.

The plaintiff further shows, by the clerk of the company, that one hundred shares of the stock were transferred to the name of the defendant on the day of the loan; and furnishes an affidavit of a gentleman of Boston, who was present at a con-

Davis agt. Illius.

versation in February, 1854, between these parties and a Mr. Martin; and he says, that at that conversation it was explicitly stated that Davis had given Illius and Martin each a bonus of one hundred shares for a loan of $5,000.

Martin swears that the plaintiff applied to him, not to lend him money, but to procure for him $5,000 cash, and an extension on a note of $5,000 then held by a company in which Martin was an officer; and offered him two hundred shares of the stock in question for his services; that he procured the extension of the note, and obtained the $5,000 from the defendant for the plaintiff; and that the defendant was to have only seven per cent.; that these were the only terms of the agreement. But afterward he urged the defendant to take half of the two hundred shares of stock from him, because they were both so much interested in the stock that he was unwilling to have an advantage in it over the defendant; that the defendant at first refused to take it, but finally consented.

The defendant makes the same statement of the transaction.

JEPEMIAH LAROCQUE, *for motion.*
WM. C. NOYES, *opposed.*

MITCHELL, Justice. The plaintiff cannot know much about the agreement that the defendant made, as he did not see the defendant until after the loan was made: all he knows is by hearsay from Mr. Martin; and if he has misunderstood what Martin said, and the gentleman from Boston also misapprehended a conversation in which he had no interest, the plaintiff's charge of usury falls to the ground.

This arrangement between Martin and Illius was after the loan had been agreed to be made; and the stock to be received by the defendant was not to come from the plaintiff, but from Martin. As the stock stood in the plaintiff's name, it was consistent with Martin's statement that when he ordered it to be transferred, instead of taking the whole directly to himself, he should cause half to be transferred to himself and half to the defendant, to whom he had promised to transfer it.

The transaction, as stated by the defendant and Martin, is

free from the imputation of usury, as the whole of the stock was to be given to Martin for his services in procuring the loan, and no part of it to go to the defendant as a condition of the loan. The loan was agreed to be made without regard to the stock, and the shares given to the defendant were given to him, not by the plaintiff, but by Martin; and there was no device or contrivance shown in this. The weight of testimony is decidedly in favor of the defendant. The defendant knew what agreement he made: the plaintiff was not present at the making of it, and could not know except from Martin. The defendant's statement is, therefore, more likely to be correct than the plaintiff's.

Then as between the Boston witness and Martin: the first only states his understanding or recollection of a conversation, and neither Martin nor the defendant has had an opportunity to answer his affidavit. Admissions are the least reliable kind of evidence: what was said or intended may be easily misunderstood, and especially if all is to turn on the use of a word—and a word which might have been inaccurately used by the speaker. One who received stock for effecting a loan would, very probably, say he received it as a bonus, and yet mean as a fee for his services. But the man who conducted the whole negotiation from beginning to end, knows exactly (if he be an intelligent man) what bargain he made for himself, and on what terms he made the loan, and for what reasons he agreed to give up the one half of the stock. He could hardly be mistaken in the statements which he makes; and there is no reason to believe that his statements are intended to be false.

The injunction is dissolved; costs to abide the event.